**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO OSEGUERA CEJA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-70758 <br><br> Agency No. A096-069-573 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Sergio Oseguera Ceja, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de

novo questions of law, and we review for abuse of discretion the BIA's denial of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and grant in part the petition for review, and remand.

The BIA did not abuse its discretion in denying Oseguera's motion to reopen for failure to establish changed country conditions in Mexico so as to excuse his untimely motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (the BIA may deny a motion to reopen based on changed country conditions for failure to produce evidence of a change in conditions).

However, as the government concedes, the BIA erred in determining that Oseguera was statutorily ineligible for cancellation of removal based on failure to comply with his grant of voluntary departure. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 523-25 (9th Cir. 2012) (recognizing that 8 C.F.R. § 1240.26(i) automatically terminates a grant of voluntary departure when an alien files a petition for review); 8 C.F.R. § 1240.26(i) (stating "the penalties for failure to depart voluntarily shall not apply to an alien who files a petition for review."). Because it is unclear whether the BIA's error affected its decision not to reopen sua sponte, we remand this case for the BIA to consider Oseguera's request to reopen sua sponte against the correct legal background. *See Bonilla*, 840 F.3d at 588 ("If, upon exercise of its jurisdiction, this court concludes that the Board relied on an incorrect legal premise, it should remand to the BIA so it may exercise its

15-70758

authority against the correct legal background." (citation and internal quotation omitted)).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.